## N. & S. WARREN *vs.* RUSSEL.

On the admission of a prisoner to the liberties of a prison, who is confined under process from a court of the United States, the bond must be taken to the marshal of the district; if taken to the Sheriff of the county, it is void, and no action can be maintained upon it.

THIS was an action on a gaol bond. Abel Turner had been committed to the gaol in Burlington, in the county of Chittenden, by the marshal of the district of Vermont, by virtue of an execution in favor of the plaintiffs, issued on a judgment rendered by the circuit Court of the United States, for the district of Vermont. And for the admission of said Turner to the Liberties of the prison, this bond, was, by Abel Turner, as principal, and Sylvester Russel as surety, executed to the Sheriff of Chittenden County, as the keeper of said prison. Abel Turner committed an escape, and the Sheriff assigned the bond to the plaintiffs, the creditors, who, as assignees of the Sheriff, commenced this action on the bond against Sylvester Russel, the surety.

*Chittenden, January. 1814.*

There was a general demurrer to the declaration.

*Charles Marsh* for the defendant, in support of the demurrer, took two exceptions to the declaration. 1. It does not appear by the declaration, that Abel Turner was, by law admissible to the lib-

25

<div style="margin-left">

*Chittenden,*
January.
1814.

*Warren*
*vs*
*Russel.*

</div>

erties of the prison. The act concerning gaols and gaolers, sect. 10, gives to prisoners, the privilege of the liberties of the prison, and authorises the Sheriff as keeper of the prison, to take such bond; but the act extends only to a person imprisoned in gaol on mesne process in any civil action, or upon execution, founded upon an action of debt, covenant, contract or promise. The privilege is not general, but is confined to the cases specified in the act. An admission of a prisoner to the liberties of the prison, in any other case, is illegal, and, consequently the bond taken in such case, is void. If, however, it be granted, that the Sheriff, as the marshal of the Kings bench in England, may keep the prisoners confined for debt, within the liberties of the prison, and may take bonds for his own security, yet, such bonds, not being within the statute, are certainly not assignable.

2. Abel Turner was committed, under process from the Circuit Court of the United States; he was therefore, a prisoner of the marshal of the district of Vermont, not of the Sheriff of the county; and the bond should have been taken to the marshal. The laws of this State, and of the United States, on this subject, have not transferred the legal custody, or the ultimate liability, from the marshal to the Sheriff. Statute of Vermont, concerning gaols, Compiled Laws, 289, 290. United States Laws, 3, 335, relating to the liberties of prisons, 2, 289, providing that the marshal going out of office, shall deliver over prisoners to his successor, 2, 204, regulating the fees of the Marshal. The Sheriff is not liable for the escape of a prisoner, committed by the marshal, but the marshal is made liable, U. S. L. 1, 362. Such also has been the practical construction of the statutes; bonds have in such cases, heretofore, been taken to the marshal, he has assigned them in cases of escape, and suits have been maintained, in the courts of the United States, on such assignments, in numerous instances. If those suits were properly brought, the present action cannot be maintained.

*Van Ness* and *Starr* for the plaintiff. The first exception cannot prevail on a general demurrer; it is to be presumed, that the officer has done his duty, that the prisoner, was by law entitled to the liberties of the prison. This bond and the declaration upon it, are agreeable to the practice; and, indeed, agreeable to the apparent intention of the legislature. The condition of the bond is given in the statute, 1 Com. L. 283. By the form of the bond there given

the nature of the action is not inserted, nor was it intended that it should be inserted.

The second exception, that the bond should have been taken to the marshal, instead of the Sheriff, we apprehend cannot prevail. That by the resolution of Congress, and the law of this State, made in compliance therewith, providing for the safe keeping of prisoners, committed under the authority of the United States, the Sheriff of the county where the prisoner is committed, is, as keeper of the gaol, sole keeper of the prisoner. The prisoner, when committed, is no longer the prisoner of the marshal, but of the Sheriff. The marshal is, in no sense, the keeper of the prison, and has no control over the prisoner; he is not accountable for his escape, but the Sheriff is accountable. The bond must, therefore, be taken to the Sheriff, who, and not the marshal, is to be indemnified. The consequence is, that the bond, in this case, was legally taken, and legally assigned by the Sheriff, and the action well brought.

The opinion of the Court was delivered by

CHIPMAN, Ch. J. The first exception, taken by the counsel for the defendant, in support of the demurrer is, that, as the keeper of a prison, is not by statute, in all cases of a commitment on civil process, to admit the prisoner to the liberties of the prison, but in particular cases only, it ought to appear to the Court, on the face of the proceedings, that the bond was taken in a case, in which the statute authorises the admission of the prisoner to the liberties of the prison. The reasoning of the defendant's counsel, in support of this exception, is agreeable to the general principles of law, settled in analogous cases; but it has been well observed, by the council for the plaintiff, that a fair construction of the act in this case will lead to a different result—that it was not the intention of the legislature that the nature of the action should be inserted in the condition of the bond. The statute giving the form of the bond, with the condition, takes no notice of the nature of the action on which the judgment was rendered, and has provided no means of information to the Sheriff. But by an act, passed on this subject, on the 23d of October, 1807, the legislature have made a provision, which leads to a construction, different from that urged by the defendant's counsel. Instead of a certificate of the nature of the action, in case of a judgment in an action of debt, covenant, contract or promise, the clerk,

*Chittenden,*
January.
1814.

*Warren*
*vs.*
*Russel.*

*Chittenden,*
*January.*
*1814.*

*Warren*
*vs.*
*Russel.*

or magistrate, issuing an execution, is directed, in actions on gaol bonds, all actions on the case, not founded on contract or promise, and all actions of trespass, to certify the nature of such action on the execution. The view of the legislature, in making this provision, was to give notice to the Sheriff, that the prisoner was not admissible to the liberties of the prison. There has been no instance of inserting in the bond or declaration, the nature of the action, in which the judgment was rendered, and, it is believed that the exception has never before been taken, certainly, if taken it has never prevailed. There is no inconvenience in the practice, and, to permit the exception now to prevail, would be productive of great injustice.

The second exception is a very weighty one, and, considered as depending on the construction and effect of the eighteenth section of the act of this state, concerning gaols and gaolers, involves questions of some difficulty. That section of the act constitutes certain gaols therein mentioned to be gaols, for the safe keeping of such prisoners, as shall be committed, under the authority of the United States, until discharged by due course of the laws thereof. And the keepers of said gaols are required to receive such prisoners, and are subjected to the same pains and penalties, for neglect of duty therein, as they are, in case of prisoners committed under the authority of this State. The gaol in Chittenden county is not named in this act, which was passed in the year 1797. In November, 1799, an act of this State was passed constituting the gaol in Burlington, in the county of Chittenden; and in Danville, in the county of Caledonia, gaols for the reception, and safe-keeping of prisoners committed under the authority of the United States. This act has no reference to the act of 1797, and contains no clause imposing any duty or liability on the keepers of the goals. This seems to have been wholly overlooked, by the council on both sides; and, yet on this act, perhaps the present question might be decided, with little reference to the points which have been made in the argument. But, as it is a cause of considerable interest and expectation, the Court have considered it on the points which have been made.

It is urged on the part of the defendant, that a prisoner, committed under process of the Courts of the United States, remains a prisoner to the marshal; that the keeper of the prison is to keep the prisoner, subject to the laws of the United States. That, however liable the Sheriff, as keeper of the prison, may be for gross and wil-

ful neglect, in suffering the prisoner to escape, yet, he is not liable for an escape from the liberties of the prison, after the prisoner has been legally admitted to such liberties : for the law of the United States, which has, in this instance, adopted the provisions of the State law, has placed the prisoner beyond his control—has put it out of his power to prevent an escape.   That neither the Sheriff nor the creditor is turned over to another jurisdiction, by means of a bond given for the continuance of the prisoner within the liberties of the prison.   That it would also be throwing an additional bur-then on the Sheriff, the risk of the insufficiency of the bail, in case of an escape, and that, without any compensation.   It is urged in answer, that, by force of the resolve of Congress and the statute o this state, to which reference has been made, all the duty and liabil-ity is devolved on the Sheriff, who is the only keeper of the prison of his county known in the law.   That he is not only to receive, but safely to keep all prisoners, committed under the authority of the United States, under the like pains and penalties, as he is liable to, in case of prisoners, committed under the authority of this State. That he is not discharged from his duties and his liabilities, by the admission of a prisoner to the liberties of the prison ; he is, there-fore, liable for the ultimate sufficiency of the bail; consequently, the bail or surety must be to his acceptance, and taken in his name.

How far any one of the United States might be empowered, by special act of Congress, to alter the course of proceedings, under the laws of the general government; and, by its own laws, to give final effect to the judicial process of the Courts of the United States—to change the resposibility from the officer of the United States, to its own; and oblige suitors in those Courts, to resort to an other set of officers, under a different authority, or even to a different tribunal, for the final execution of judgments, which they may have obtained, it is unnecessary now to decide; but certainly it cannot be done with-out express and mutual provisions.

The joint resolution of Congress of the 23d of October, 1789, is the only provision on this subject, on the part of the United States. That resolution recommends, or, in other words, gives authority to the several states, to make it expressly the duty of the keepers of their gaols, to receive therein, and safely keep, all prisoners commit-ted under the authority of the United States, until such prisoner shall be discharged, by due course of law, by the authority thereof,

*Chittenden,
January.
1814.*

*Warren
vs.
Russel.*

*Chittenden,*
January.
1814.

Warren
*vs.*
Russel.

that is, the authority of the United States, under the like penalties, &c.

This goes no further, than to authorise the several states to grant the use of their gaols to the United States, and to compel the keepers of such gaols, to exercise the same office, and perform the same duties of keeper of prisoners, committed under the authority of the United States, as they exercise and perform in keeping prisoners committed under the authority of the State ; the prisoners to be kept under the same laws and authority under which they are committed. The act of this State, in the sections referred to, goes no farther. If it did go beyond this, it would be unauthorized and void. The act does not extend to the Sheriff of the county *quasi* Sheriff; it extends not to the mere legal, but to the actual keeper of the gaol ; so the legislature clearly understood it. In the 19th section of the act, page 290, is this proviso. " That no county, Sheriff, deputy Sheriff or gaoler, shall be answerable for the escape of any prisoners, through the insufficiency of the gaol, who have been committed, by and under the authority of the United States; that is the Sheriff, if he keep the gaol in person, or his deputy, if kept by a general deputy, or by the gaoler, if kept, as is commonly the case, by a person specially appointed for that purpose. Such appears to be the only fair and consistent construction to be put on the acts of the two governments.

Another act of Congress has been mentioned, as having a strong bearing on the present question ; U. S. L. 3, 335, " an act for the relief of persons imprisoned for debt." By the first section of this act it is enacted, " that persons imprisoned on process issuing from any court of the United States, in civil actions, shall be entitled to the like privileges of the yards or limits of the respective gaols, as persons confined in like cases on process from the courts of the respective states, are entitled to, and under like regulations and restrictions." It has been urged that, to comply with this act, " under like regulations and restrictions," the bond must be taken to the Sheriff, because such is the regulation of the laws of this State. That is, that the word, " like" shall be construed to mean, identical ; but this is not the true construction. The only obvious and rational construction is, that a like bond shall be taken on the admission of such prisoner to the limits ; and to the officer standing in the like relation to him, as the Sheriff does to a prisoner, committed under the authority of the State.

. The act of this State, constituting the gaol in Burlington, a gaol for the keeping of prisoners, committed under the authority of the United States, is in these words. "Be it enacted, &c. that the common gaol, in Burlington, in the county of Chittenden; and the common gaol in Danville, in the county of Caledonia, in addition to the purposes for which they are now used, shall be gaols for receiving and safe keeping of such prisoners, as shall be committed under the authority of the United States, until they shall be discharged by due course of law."

There is no duty or liability implied by this act on the keepers of those gaols, or any other person, either by any expression in the statute, or by reference to any other act. No power or authority is thereby given to the Sheriff of the county, or to any subordinate officer, in relation to the prisoners committed to those gaols, but what may be implied in the expression, that these gaols shall be gaols for the safe keeping of prisoners, &c. To draw from this all the consequences, which have been contended for, would be too great a stretch of construction. It may be said to be an omission, but it is an omission which this Court cannot supply. On no ground, therefore, can this action be sustained, and there must be

<div align="right">Judgment for the defendant.</div>